# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| ALEJANDRO CASTANEDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-01377-AKK-HNJ |
| | ) | |
| WARDEN CALLOWAY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

On June 29, 2021, the Magistrate Judge entered a report recommending the court deny Petitioner Alejandro Castaneda's petition for a writ of habeas corpus as untimely and dismiss the petition with prejudice.  (Doc. 15).  On August 20, 2021, Castaneda filed objections to the report and recommendation.  (Doc. 19).

Castaneda argues that he is entitled to both statutory and equitable tolling of the statute of limitations because he has been diligent in seeking relief.  (Doc. 19 at 1, 4).  As the Magistrate Judge explained, Castaneda's one-year limitation period ran for 310 days before he filed his first Rule 32 petition.  (Doc. 7-31 at 7, 8; Doc. 15 at 6–8).  Under § 2244(d)(2), the limitation period was tolled while Castaneda's Rule 32 petition was pending.  After the Alabama Supreme Court denied Castaneda's petition for a writ of certiorari and the Alabama Court of Criminal Appeals issued a certificate of judgment, the remaining 55 days of Castaneda's limitation period began to run and expired on January 9, 2020.  (Doc. 7-43 at 1; Doc. 15 at 8).

Castaneda did not file the present petition until June 14, 2020. (Doc. 1 at 16). Even applying statutory tolling, Castaneda's petition is untimely.[1]

Neither is Castaneda entitled to equitable tolling of the one-year limitation period. To demonstrate that he is entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). Even if Castaneda diligently pursued his rights, he has not shown that an extraordinary circumstance prevented him from timely filing his petition. Consequently, Castaneda is not entitled to equitable tolling.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the court hereby **ADOPTS** the report of the magistrate judge and **ACCEPTS** his recommendation. The court finds the petition is due to be denied and dismissed with prejudice as untimely.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[1] Castaneda contends he sought relief from this court prior to sentencing. (Doc. 19 at 1, 4). Those cases were dismissed for Castaneda's failure to first exhaust his state court remedies. *See* Case Nos. 2:11-cv-4049-AKK-PWG and 2:12-cv-101-JFG-PWG. These premature filings had no effect on the AEDPA one-year limitation period which did not start running until Castaneda's convictions became final by the conclusion of direct review or the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A).

§ 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds Castaneda's claims do not satisfy either standard.

The court will enter a separate Final Judgment.

**DONE** the 26th day of August, 2021.

*[signature]*

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE